No. _____

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

IN RE SHERMAN LAMONT FIELDS,

Movant.

---

CAPITAL CASE

MOTION FOR AUTHORIZATION TO FILE SUCCESSIVE
MOTION PURSUANT TO 28 U.S.C. § 2255 IN LIGHT OF
*UNITED STATES V. DAVIS*, 139 S. CT. 2319 (2019)

---

Victoria Bailey Casanova
F. Italia Patti
INDIANA FEDERAL COMMUNITY DEFENDERS
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
victoria_casanova@fd.org
italia_patti@fd.org

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... iii

SUMMARY OF ARGUMENT ................................................................... 1

PROCEDURAL HISTORY AND FACTUAL BACKGROUND ............... 3

    I.    Trial, Sentencing, and Direct Appeal ............................................ 3

    II.   First § 2255 Motion ..................................................................... 4

    III.  Collateral Proceedings Following *Johnson v. United States* ........ 5

    IV.  Statement of Facts Relevant to Mr. Fields' Claims ...................... 7

LEGAL BACKGROUND ....................................................................... 8

    I.    "Prima Facie Showing" Standard ................................................ 8

    II.   Impact of *United States v. Davis* ............................................... 9

ARGUMENT ...................................................................................... 11

    I.    Mr. Fields is timely in seeking authorization to file his successive § 2255 motion. ............................................................................. 11

    II.   *Davis* announced a new, previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. ..................................................................... 11

    A.   *Davis* announced a rule of constitutional law. ............................ 12

    B.   *Davis* announced a new rule that was previously unavailable... 12

    C.   *Davis* is retroactive to cases on collateral review. ....................... 13

    III.  In the alternative, if *Davis* did not announce a new rule, then Mr. Fields is entitled to relief because he sought to file a second § 2255 within one year of *Johnson*. ...................................................... 18

    IV.  Mr. Fields has made a prima facie showing that *Davis* invalidates his § 924(c) convictions. ................................................. 20

    A.   Mr. Fields has made a prima facie showing that Count Seven is invalid under *Davis* because escape is not a crime of violence under the elements clause. .......................................................................... 21

B.    Mr. Fields has made a prima facie showing that Count Three is invalid under *Davis* because neither escape nor conspiracy is a crime of violence under the elements clause. ...............................................24

C.    Mr. Fields can make a prima facie showing that *Davis* invalidates Count Five. .......................................................................27

CONCLUSION ...............................................................................29

CERTIFICATE OF SERVICE................................................................31

CERTIFICATE OF COMPLIANCE .......................................................32

# TABLE OF AUTHORITIES

## Cases

*Chubbuck v. United States*, No. 16-CV-00466-JAP-CG, 2018 U.S. Dist. LEXIS 77399 (D.N.M. May 8, 2018) ....................................................23

*Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998) .............................. 16, 20

*Holloway v. United States*, 526 U.S. 1 (1999) ...................................28, 29

*In re Clark*, 554 F. App'x 276 (5th Cir. 2014)...........................................8

*In re Fields*, 826 F.3d 785 (5th Cir. 2016) ...................................5, 13, 19

*In re Franklin*, 950 F.3d 909 (6th Cir. 2020)...................................12, 15

*In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019) ........................ 12, 15, 17

*In re Matthews*, 934 F.3d 296 (3d Cir. 2019) ........................................12

*In re Morris*, 328 F.3d 739 (5th Cir. 2003) .........................................8, 9

*In re Mullins*, 942 F.3d 975 (10th Cir. 2019)..................................15, 17

*In re Simpson*, 555 F. App'x 369 (5th Cir. 2014).....................................8

*In re Smith*, 829 F.3d 1276 (11th Cir. 2016) ........................................28

*In re Sparks*, 657 F.3d 258 (5th Cir. 2011)......................................1, 9, 16

*Johnson v. United States*, 135 S. Ct. 2551 (2015).............................5, 19

*Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001)...............8

*Schriro v. Summerlin*, 542 U.S. 348 (2004)....................................14, 15

*Teague v. Lane*, 489 U.S. 288 (1989) .............................................12, 14

*Tyler v. Cain*, 533 U.S. 656 (2001)...............................................13, 16, 17

*United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019) ......................12

*United States v. Brewer*, 848 F.3d 711 (5th Cir. 2017) .........................25

*United States v. Buck*, 847 F.3d 267 (5th Cir. 2017) .......................10, 20

*United States v. Carrasco-Tercero*, 745 F.3d 192 (5th Cir. 2014).........25

*United States v. Coleman*, 609 F.3d 699 (5th Cir. 2010)......................26

*United States v. Davis*, 139 S. Ct. 2319 (2019) .............................. passim

*United States v. Dickerson,* 77 F.3d 774 (4th Cir. 1996)......................22

*United States v. Fields*, 483 F.3d 313 (5th Cir. 2007) ....................4, 7, 24

*United States v. Fields*, 761 F.3d 443 (5th Cir. 2014) ............................5

*United States v. Gay*, 251 F.3d 950 (11th Cir. 2001).............................22

*United States v. Islas-Saucedo*, 903 F.3d 512 (5th Cir. 2018)...............28

*United States v. Jones*, 854 F.3d 737 (5th Cir. 2017) ...........................27

*United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000) .....................20

*United States v. Piccolo*, 441 F.3d 1084 (9th Cir. 2006) .........................22
*United States v. Reece*, 938 F.3d 630 (5th Cir. 2019)..................... passim
*United States v. Robinson*, 783 F. App'x 401 (5th Cir. 2019).................26
*United States v. Taylor*, 933 F.2d 307 (5th Cir. 1991)..........................21
*United States v. Thomas*, 361 F.3d 653 (D.C. Cir. 2004) .......................22
*United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) (en banc) .............25
*United States v. Williams*, 897 F.3d 660 (5th Cir. 2018).......................13
*Welch v. United States*, 136 S. Ct. 1257 (2016) ............................. passim

## Statutes

18 U.S.C. § 1791...................................................................................3, 25
18 U.S.C. § 371.........................................................................................25
18 U.S.C. § 751.................................................................................. passim
18 U.S.C. § 922(g) ......................................................................................3
18 U.S.C. § 924(c)............................................................................. passim
18 U.S.C. § 924(e) .................................................................................5, 18
18 U.S.C. § 924(j) .............................................................................. passim
28 U.S.C. § 2244....................................................................................1, 8
28 U.S.C. § 2255............................................................................... passim

## Other Authorities

U.S.S.G. § 4B1.2 ......................................................................................23

## Orders

*In re Clark*, No. 19-10989 (5th Cir. Dec. 31, 2019) .................................18
*In re Clark*, No. 19-11204 (5th Cir. Feb. 4, 2020) ..................................29
*In re Harris*, No. 19-30618 (5th Cir. Oct. 9, 2019) .................................18
*In re Ornelas-Castro*, No. 19-11260 (5th Cir. Feb. 28, 2020) .................18
*In re Woods*, No. 19-30731 (5th Cir. Oct. 23, 2019) ...............................18

Movant Sherman Lamont Fields, through undersigned counsel, respectfully moves this Court for authorization under 28 U.S.C. § 2255(h)(2) to file a successive § 2255 motion in light of the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), decided June 24, 2019. Mr. Fields' proposed successor motion is attached hereto as Attachment 1.

## SUMMARY OF ARGUMENT

Mr. Fields is entitled to file a second or successive motion pursuant to 28 U.S.C. § 2255 because he can make a prima facie showing that he has valid claims based on *Davis*, which announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Mr. Fields easily satisfies the prima facie standard requiring that he show that he "might be entitled to relief." *In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011); *see also* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2).

Mr. Fields was convicted of offenses under 18 U.S.C. § 924(c) that, following *Davis*, are no longer cognizable as crimes. In *Davis*, the Supreme Court held that § 924(c)'s residual clause, one of two clauses defining "crime of violence" for purposes of § 924(c), was

1

unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. As such, the only constitutionally permissible definition of "crime of violence" is found in the elements clause, which defines a "crime of violence" as one that requires, as an element, the use or threatened use of force. § 924(c)(3)(A). The predicate "crimes of violence" for Mr. Fields' three § 924(c) convictions were escape/conspiracy (Count Three), escape (Count Seven), and carjacking (Count Five).

The Government previously conceded, and case law supports, the fact that escape and conspiracy—the predicate crimes charged in Counts Three and Seven—are not crimes of violence under § 924(c)'s elements clause. Analysis using the categorical approach, which is the analytical framework required by *Davis*, also supports this conclusion because neither crime requires, as an element, the use or threatened use of force.

Therefore, Mr. Fields can make a prima facie showing that he is entitled to have his convictions and sentences for Counts Three and Seven vacated. Mr. Fields was also convicted in Count Five of a § 924(c) crime based on the predicate offense of carjacking. This Court has held that carjacking is a crime a violence, but Mr. Fields asks the Court to grant authorization so he can preserve his challenge to this conviction.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### I.    Trial, Sentencing, and Direct Appeal

On May 13, 2003, the Government filed a second superseding indictment in the United States District Court for the Western District of Texas, charging Mr. Fields as follows:

- Count One, conspiracy, in violation of 18 U.S.C. §§ 371, 751, and 1791;

- Count Two, escape from custody and aiding and abetting escape, in violation of 18 U.S.C. §§ 751(a) and 2;

- Count Three, using and carrying a firearm during and in relation to a crime of violence (conspiracy and/or escape as charged in Counts One and Two), causing death, in violation of 18 U.S.C. §§ 924(c)(1) and (j) and 2;

- Count Four, carjacking, in violation of 18 U.S.C. § 2119;

- Count Five, using and carrying a firearm during and in relation to a crime of violence (carjacking), in violation of 18 U.S.C. § 924(c)(1)(A)(ii);

- Count Six, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(2); and

- Count Seven, using and carrying a firearm during and in relation to a crime of violence (escape), in violation of 18 U.S.C. § 924(c)(1).

3

Doc. 57, No. 6:01-cr-00164-LY-1.[1] On May 23, 2003, the Government filed notice of its intent to seek the death penalty should Mr. Fields be convicted of Count Three. Doc. 63.

Mr. Fields represented himself during the guilt phase of his trial. Docs. 132; 133. The jury convicted him on all counts. Doc. 182. Mr. Fields was represented by counsel during the penalty phase of his trial. Doc. 188. The jury returned a verdict of death on Count Three. Doc. 207. On April 7, 2004, the district court imposed sentences on all counts. Docs. 227; 230.

This Court affirmed Mr. Fields' convictions and sentences. *United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 2007).[2] The Supreme Court denied certiorari. *Fields v. United States*, No. 07-6395, 552 U.S. 1144 (2008) (mem.).

## II.    First § 2255 Motion

Mr. Fields timely filed a motion for relief under 28 U.S.C. § 2255 in the United States District Court for the Western District of Texas on

---

[1] Unless otherwise indicated, all documents cited as "Doc." refer to Mr. Fields' criminal proceedings, No. 6:01-cr-00164-LY-1.

[2] On direct appeal, Mr. Fields did not challenge the constitutionality of § 924(c)'s residual clause.

4

January 14, 2009, and an amended § 2255 motion on April 12, 2010. Docs. 297; 334.[3] This Court also denied a certificate of appealability. *United States v. Fields*, 761 F.3d 443, 484 (5th Cir. 2014). The Supreme Court denied certiorari. *Fields v. United States*, No. 14-772, 135 S. Ct. 2803 (2015) (mem.).

## III.   Collateral Proceedings Following *Johnson v. United States*

On May 18, 2016, Mr. Fields applied to this Court for leave to file a successive § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)—which held that the residual clause in the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(2)(B)) was unconstitutionally vague—and *Welch v. United States*, 136 S. Ct. 1257 (2016)—which held that *Johnson* applied retroactively. This Court denied Mr. Fields' application on June 17, 2016, noting that "*Johnson* did not address section 924(c)(3)(B)" and "courts of appeals are split on whether to grant permission to file a successive 2255 petition based on the argument that *Johnson* applies to section 924(c)(3)(B)." *In re Fields*, 826 F.3d 785, 786 (5th Cir. 2016).

---

[3] When Mr. Fields filed his § 2255 motion, the district court opened a civil docket under cause number 6:09-cv-00009-WSS for "statistical purposes," but ordered that all documents in the § 2255 action be filed under the original criminal cause number.

Mr. Fields subsequently filed a petition for a writ of habeas corpus and petition for a writ of mandamus also in light of *Johnson*; the Government filed a consolidated brief in response to both.[4] The Supreme Court denied both petitions on March 20, 2017. *In re Fields*, Nos. 16-293 and 16-294, 137 S. Ct. 1326 (2017) (mem.).

On October 26, 2016, Mr. Fields filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana. *See* Doc. 16, No. 2:16-cv-00418-JPH-MJD (Am. Pet.). The § 2241 case also raised *Johnson*'s impact on Fields' § 924(c) convictions. On January 7, 2020, Mr. Fields filed an unopposed motion to stay his § 2241 case while he applies to this Court for leave to file a successive § 2255 motion in light of *Davis*. *See* Doc. 90, No. 2:16-cv-00418-JPH-MJD (Mot. for Stay); Doc. 93, No. 2:16-cv-00418-JPH-MJD (Gov. Resp. stating that it does not oppose). That motion is pending.

---

[4] Because the Government concedes in its consolidated brief that escape is not a crime of violence under the elements clause and that Count Three is invalid, Mr. Fields has included that brief as Attachment 2 to the motion. In that brief, the Government specifically noted that: "If Section 924(c)(3)(B) were unconstitutionally vague, the crime of escape from custody under or by virtue of court order, would not qualify as a crime of violence under Section 924(c)(3)(A). Accordingly, *petitioner's sole capital conviction (Count 3) would be invalid . . . .*" Brief for the United States in Opposition, Nos. 16-293 and 16-294, at 11 n.2 (filed Feb. 6, 2017) (emphasis added) (citations omitted).

6

## IV.  Statement of Facts Relevant to Mr. Fields' Claims

The claims that Mr. Fields raises herein challenge the constitutionality of his convictions under § 924(c) and (j) for using a firearm resulting in death in connection with crimes of violence— specifically, escape from a federal institution and conspiracy to escape.[5] On direct appeal, the Fifth Circuit described his escape, the connected conspiracy, and the resultant death, as follows:

> Fields was arrested on federal firearms charges in September 2001. He was held in federal custody at the McClennan County Detention Center in Waco, Texas. In November 2001, Fields bribed a correctional officer—paying him $5000 in exchange for a key to the detention center's fire escape door. Using the key, Fields escaped.
>
> After fleeing federal custody, Fields met up with a friend. Through this friend, Fields obtained a car and a .32 caliber revolver. That evening, Fields visited his ex-girlfriend, Suncerey Coleman, at Hillcrest Hospital in Waco, where she was attending to her newborn baby. Fields was angry with Coleman for seeing other men. After Fields and Coleman conversed for some time, Fields convinced her to leave the hospital with him. They drove to Downsville, Texas, a small town just outside of Waco. The two had sexual intercourse and then Fields shot Coleman twice in the head. After that, he dragged her dead body from the road into some underbrush to hide it.

*Fields*, 483 F.3d at 323-24.

---

[5] Mr. Fields was not charged with murder.

## LEGAL BACKGROUND

### I.    "Prima Facie Showing" Standard

A successive § 2255 motion is cognizable when that motion is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). The court of appeals must authorize a successive § 2255 motion in the district court if the movant "make[s] a 'prima facie showing' that his or her motion satisfies § 2255's requirements for second or successive motions." *Reyes-Requena v. United States*, 243 F.3d 893, 898 (5th Cir. 2001) (citing § 2244(b)(3)(c)).

"A 'prima facie showing' is 'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *In re Simpson*, 555 F. App'x 369, 371 (5th Cir. 2014) (quoting *Reyes-Requena*, 243 F.3d at 899). The prima facie standard is satisfied if the movant puts forward minimally sufficient evidence that his motion warrants further exploration. *See In re Clark*, 554 F. App'x 276, 277 (5th Cir. 2014); *In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003) (Higginbotham, J., concurring).

As such, the question at this stage of the proceedings is not whether Mr. Fields ultimately will succeed on the merits of his successive § 2255

motion. *See Morris*, 328 F.3d at 740-41. Rather, the question before this Court is whether he has "ma[de] a prima facie showing that he might be entitled to relief" based on "a new and retroactive rule of constitutional law." *Sparks*, 657 F.3d at 262.

## II.    Impact of *United States v. Davis*

The Supreme Court's recent holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidated a key provision of 18 U.S.C. § 924(c). Section 924(c) makes it a crime for any person to use or carry a firearm during and in relation to a crime of violence.

Prior to *Davis*, § 924(c) defined "crime of violence" in two alternate clauses. The "residual clause" defined a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). The "elements clause" defined a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

In *Davis*, the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. 139 S. Ct. at 2336. As a result, a conviction

under § 924(c) can stand only if the charged predicate crime of violence falls under the elements clause—that is, if the predicate crime requires "as an element" the intentional use of physical force or the threat of use of such force. *See United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) ("Because *Davis* rendered 18 U.S.C. § 924(c)(3)'s residual clause unconstitutional, Reece's three firearms convictions predicated on conspiracy to commit bank robbery can be sustained only if conspiracy to commit bank robbery can be defined as a COV under § 924(c)(3)'s elements clause.").

Further, this determination must be made using the "categorical approach." *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017). In other words, the analysis must focus solely on the language of the statute defining the elements of the charged predicate crime to determine whether any element requires the use, attempted used, or threatened use of violence. *Reece*, 938 F.3d at 635. The determination is not based on the defendant's actual conduct. *Id.*

Finally, violations of § 924(j) require that the defendant has committed a violation of § 924(c). Section 924(j) criminalizes conduct causing the death of a person that occurs "in the course of a violation of

10

subsection [924](c)." § 924(j). In the absence of a violation of § 924(c), a defendant cannot be guilty of § 924(j).

## ARGUMENT

### I.    Mr. Fields is timely in seeking authorization to file his successive § 2255 motion.

The one-year statute of limitations for asserting a claim for relief pursuant to a new, retroactive rule of constitutional law begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Because Mr. Fields is filing this motion within one year of *Davis*, the motion is timely.

### II.    *Davis* announced a new, previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review.

*Davis* (1) announced a rule of constitutional law (2) that was previously unavailable and (3) that was made retroactive to cases on collateral review by the Supreme Court. *See* § 2255(h)(2).

### A.   *Davis* announced a rule of constitutional law.

*Davis'* rule was one of constitutional law. *Davis* held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague under the due process clause of the Fifth Amendment. *Davis*, 139 S. Ct. at 2336.

### B.   *Davis* announced a new rule that was previously unavailable.

*Davis* announced a new rule. "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). "*Davis* easily meets" the criteria for establishing a new rule, as "the result in *Davis* was not apparent to all reasonable jurists." *Reece*, 938 F.3d 630 at 634; *see also In re Hammoud*, 931 F.3d 1032, 1038 (11th Cir. 2019) (holding that *Davis* is a new rule because it was not dictated by precedent or apparent to all reasonable jurists); *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020) (same); *United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019) (same); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (same).

Additionally, *Davis'* new rule was previously unavailable to Mr. Fields. The Supreme Court handed down its decision in *Davis* on June

12

24, 2019, well after Mr. Fields completed his direct appeal and initial § 2255 proceedings.

Moreover, this Court rejected Mr. Fields' earlier attempt to raise a constitutional vagueness challenge to his § 924(c) convictions. Following *Johnson* and *Welch*, Mr. Fields applied to this Court for leave to file a successive § 2255 motion so he could challenge his § 924(c) convictions. This Court, however, denied authorization, noting that "*Johnson* did not address section 924(c)(3)(B)." *Fields*, 826 F.3d at 787; *cf. United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018) ("If § 924(c)(3)(B) is ultimately held to be unconstitutional, that finding may open the door to future collateral challenges to sentences rendered under that statute.").

### C.    *Davis* is retroactive to cases on collateral review.

A new, previously unavailable rule of constitutional law must also have been made retroactive to cases on collateral review by the Supreme Court. In order for this to happen, such a rule must be substantive *and* the Supreme Court must have either expressly identified the rule as retroactive or multiple Supreme Court holdings must "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001). The

rule in *Davis* meets both requirements: it is substantive and its retroactivity flows from Supreme Court holdings that so dictate.

First, *Davis* is retroactive on collateral review because it is substantive, not merely procedural. Although not all new rules of constitutional law provide a basis for post-conviction relief, new substantive rules are retroactive. *Welch*, 136 S. Ct. at 1264; *Teague*, 489 U.S. at 307, 311.

"A rule is substantive . . . if it alters the range of conduct or the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1264-65 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct . . . beyond the State's power to punish." *Welch*, 136 S. Ct. at 1265 (quoting *Schriro*, 542 U.S. at 353).

In *Welch*, the Supreme Court found that *Johnson* was substantive and retroactive because it removed from the statute's reach people who had been subject to enhanced punishment under the ACCA solely because of that statute's now-defunct residual clause. *Id.*

This reasoning applies with even more force here. Beyond altering sentences, *Davis* invalidates convictions for people once subject to § 924(c) liability based on predicate offenses that fell solely within the now-defunct § 924(c) residual clause. As such, *Davis* "narrow[s] the scope of a criminal statute" and "place[s] particular conduct . . . beyond the State's power to punish." *Welch*, 136 S. Ct. at 1265 (quoting *Schriro*, 542 U.S. at 353).

This Court has recognized that "the rule announced in *Davis* meets the standard for a new substantive rule" because "the residual clause's invalidation narrows the scope of conduct for which punishment is now available." *Reece*, 938 F.3d at 635. Other appellate courts also have found that *Davis* is substantive, and, in turn, retroactive. *See Franklin*, 950 F.3d at 911; *In re Mullins*, 942 F.3d 975, 978-79 (10th Cir. 2019); *Hammoud*, 931 F.3d at 1037-39.

Second, § 2255(h)(2) imposes an additional requirement: the new rule must not only be retroactive, it must have been "made retroactive to cases on collateral review by the Supreme Court." *See* § 2255(h)(2). To satisfy § 2255(h)(2), the Supreme Court must have expressly held that the new rule is retroactive on collateral review, or the Supreme Court's

15

holdings in multiple cases must "necessarily dictate retroactivity of the new rule." *Tyler*, 533 U.S. at 666. While the Supreme Court has not yet made an express holding, *Davis* and *Welch* together dictate retroactivity.

Justice O'Connor explained in her concurrence in *Tyler* how the Supreme Court can have made a new rule retroactive through the holdings in multiple cases:

> [I]f we hold in Case One that a particular type of rule applies retroactively to cases on collateral review and hold in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review. In such circumstances, we can be said to have 'made' the given rule retroactive to cases on collateral review.

533 U.S. at 668-69 (O'Connor, J., concurring); *see also Sparks*, 657 F.3d at 262 ("By the combined effect of the holding of *Graham* itself and the first *Teague* exception, *Graham* was therefore made retroactive on collateral review by the Supreme Court as a matter of logical necessity under *Tyler*.").

In *Welch*, the Supreme Court held that *Johnson*, which invalidated the ACCA's residual clause, established a substantive rule with retroactive application. *Welch*, 136 S. Ct. at 1265. *Davis* invalidated a nearly identical residual clause, noting, "In recent years, this Court has applied these [constitutional] principles to two statutes that bear more

16

than a passing resemblance to § 924(c)(3)(B)'s residual clause." *Davis*, 139 S. Ct. at 2325.

*Welch* and *Davis* are straightforward examples of the Case One/Case Two framework that Justice O'Connor discussed in *Tyler*. Case One—*Welch*—held that a particular type of rule is retroactive. Case Two—*Davis*—announced that same type of rule. The holdings of these two cases "logically permit no other conclusion than that the rule" in *Davis* is retroactive. *Tyler*, 533 U.S. at 669 (O'Connor, J., concurring).

Acknowledging this logic, other courts of appeals have held that "[b]ecause *Davis* has the same limiting effect on the range of conduct or class of people punishable under § 924(c) that *Johnson* has with respect to the ACCA, *Welch* dictates that *Davis*—like *Johnson*—'announced a substantive rule that has retroactive effect in cases on collateral review.'" *Mullins*, 942 F.3d at 979 (quoting *Welch*, 136 S. Ct. at 1268); *see also Hammoud*, 931 F.3d at 1039 (quoting *Tyler*, 533 U.S. at 666) ("for purposes of § 2255(h)(2), . . . taken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that *Davis* has been 'made' retroactively applicable to criminal cases that became final before *Davis* was announced."). These holdings are sufficient to establish that

17

Mr. Fields has made a prima facie showing that he has met the requirements of § 2255(h)(2).[6]

### III.   In the alternative, if *Davis* did not announce a new rule, then Mr. Fields is entitled to relief because he sought to file a second § 2255 within one year of *Johnson*.

In the event this Court should determine that *Davis* did not announce a new rule because *Davis'* result was dictated by *Johnson*, Mr. Fields nevertheless is entitled to relief because he previously sought leave to file a second or successive § 2255 within a year of *Johnson*.

Prior to the Supreme Court's decision in *Davis*, Mr. Fields argued to this Court that *Johnson* dictated the rule that § 924(c)'s residual clause is unconstitutionally vague. Specifically, in the motion for leave to file a second or successive § 2255 that he filed within a year of *Johnson*, Mr. Fields argued: "In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. Under *Johnson*,

---

[6] It is also unsurprising, therefore, that this Court has granted a number of applications filed by prisoners seeking leave to file a successive § 2255 motion based on *Davis*. *See, e.g., In re Harris*, No. 19-30618 (application to file a successive § 2255 motion granted Oct. 9, 2019); *In re Woods*, No. 19-30731 (application to file a successive § 2255 motion granted Oct. 23, 2019); *In re Clark*, No. 19-10989 (application to file a successive § 2255 motion granted Dec. 31, 2019); *In re Ornelas-Castro*, No. 19-11260 (application to file a successive § 2255 motion granted Feb. 28, 2020).

18

§ 924(c)'s materially indistinguishable residual clause, § 924(c)(3)(B), must also be stricken as unconstitutional." Doc. 00513509918, Case No. 16-50521, at 4 (citing *Johnson*, 135 S. Ct. at 2557).

This Court denied authorization at that time, holding that although "*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review," "*Johnson* did not address section 924(c)(3)(B)," and "courts of appeals are split on whether to grant permission to file a successive 2255 petition based on the argument that *Johnson* applies to section 924(c)(3)(B)." *Fields*, 826 F.3d at 786.

Having earlier rejected Mr. Fields' 2016 motion for authorization because *Johnson* did *not* dictate that § 924(c)'s residual clause was unconstitutionally vague, this Court should not also deny this motion for authorization because it now finds that *Johnson did* dictate that § 924(c)'s residual clause was unconstitutionally vague. Rather, this Court should grant the motion for authorization on the basis that Mr. Fields took every available step to secure his rights by having pressed them before this Court in the year after *Johnson* was decided, and is entitled to relief now through the exercise of this Court's equitable

19

powers. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)) (equitable tolling is appropriate in exceptional circumstances); *United States v. Shaid*, 937 F.2d 228, 235 (5th Cir. 1991) (exercising equitable power to grant relief is appropriate in exceptional circumstances).

Therefore, if this Court holds that *Davis* did not announce a new rule, it should nevertheless grant Mr. Fields authorization to file a second or successive § 2255.

## IV.    Mr. Fields has made a prima facie showing that *Davis* invalidates his § 924(c) convictions.

Following *Davis*, a predicate for a § 924(c) count can be a crime of violence only under § 924(c)'s elements clause: a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). In determining whether an offense is a crime of violence, a court must "appl[y] a categorical approach, looking only to the statutory definitions—i.e., the elements—of a defendant's offense, and not to the particular facts underlying the convictions." *Buck*, 847 F.3d at 274; *accord Davis*, 139 S. Ct. at 2326-30; *Reece*, 938 F.3d at 635.

*Davis* clearly invalidates Mr. Fields' convictions for Counts Three

and Seven. Statutory analysis using the categorical approach required by *Davis* permits no other conclusion; the Government has conceded this in briefing, filed in response to Mr. Fields' Supreme Court petitions; and case law supports this concession. While Fifth Circuit precedent does not currently require Mr. Fields' conviction on Count Five—a § 924(c) conviction based on a carjacking predicate—to be vacated, Mr. Fields presents and argues this claim in order to preserve it.

**A.     Mr. Fields has made a prima facie showing that Count Seven is invalid under *Davis* because escape is not a crime of violence under the elements clause.**

The Government alleged escape, in violation of 18 U.S.C. § 751(a), as the predicate crime of violence in support of the § 924(c) charge in Count Seven. Escape requires the following elements: "1) an unauthorized departure or escape, 2) from custody of an institution where the prisoner is confined by direction of the Attorney General, 3) where the custody or confinement is by virtue either of arrest for a felony or conviction of any offense." *United States v. Taylor*, 933 F.2d 307, 309 (5th Cir. 1991) (citations omitted).

Escape is not a crime of violence under § 924(c)'s elements clause. In earlier briefing to the Supreme Court in Mr. Fields' case, the

21

Government conceded that escape is not a crime of violence under § 924(c)'s elements clause, and that invalidating the residual clause would invalidate Mr. Fields' conviction on Count Seven. *See* Brief for the United States in Opposition, Nos. 16-293 and 16-294, at 11 n.2 (filed Feb. 6, 2017) (hereinafter "Feb. 6, 2017 Br. in Opp.") ("If Section 924(c)(3)(B) were unconstitutionally vague, the crime of escape from custody under or by virtue of court order, would not qualify as a crime of violence under Section 924(c)(3)(A).").[7]

Case law supports this outcome, as well. Prior to *Johnson* and *Davis*, several courts of appeals determined that escape under § 751 did not meet the definition of a crime of violence in the Sentencing Guidelines' elements clause, which is substantially similar to § 924(c)'s elements clause.[8] More recently, at least one federal district court has

---

[7] Mr. Fields filed Petitions for a Writ of Habeas Corpus and a Writ of Mandamus with the Supreme Court after the Fifth Circuit denied him leave to file a successive § 2255 motion based on *Johnson*. On February 6, 2017, the Government filed a consolidated brief responding to these petitions in which the referenced statement appears. As previously noted, this brief is included as Attachment 2.

[8] *See United States v. Piccolo*, 441 F.3d 1084, 1087 (9th Cir. 2006) (quoting U.S.S.G. § 4B1.2(a)(1) (2005)) ("[A]n escape under § 751(a) does not have as 'an element the use, attempted use, or threatened use of physical force against the person of another.'"); *United States v. Thomas*, 361 F.3d 653, 657-58 (D.C. Cir. 2004) (same); *United States v. Gay*, 251 F.3d 950, 953-54 (11th Cir. 2001) (same); *United States v. Dickerson,* 77 F.3d 774, 776-77 (4th Cir. 1996) (same). The Guidelines' elements clause defines crime of violence as an offense punishable by imprisonment for more

held that escape could be a crime of violence only under § 924(c)'s residual clause, and vacated a § 924(c) conviction with escape as the predicate. *See Chubbuck v. United States*, No. 16-CV-00466-JAP-CG, 2018 U.S. Dist. LEXIS 77399, at *4-5 (D.N.M. May 8, 2018) (vacating § 924(c) conviction premised on escape following the Tenth Circuit's holding that *Johnson* invalidated § 924(c)'s residual clause).

Even putting aside the Government's concession and these cases, a categorical analysis of escape under § 751 must yield the same result. None of the elements of escape categorically requires the defendant's use, attempted use, or threatened use of physical force against the person or property of another: departure does not require the attempted, threatened, or actual use of force; being in the custody of the Attorney General does not require the attempted, threatened, or actual use of force by the detainee; and being in custody by virtue of a felony arrest or a conviction does not require the attempted, threatened, or actual use of force by the detainee.

In fact, the escape at issue in this case is an example of why escape

---

than a year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (2018).

23

does not categorically have as an element the use, threatened use, or attempted use of physical force. As this Court explained in its opinion on direct appeal, "Fields bribed a correctional officer—paying him $5000 in exchange for a key to the detention center's fire escape door. Using the key, Fields escaped." *Fields*, 483 F.3d at 323. Nothing about bribing a correctional officer and using a key to escape through a fire escape door involves force, the threat of force, or the attempt to use force.

Consequently, escape is not a categorical crime of violence and cannot serve as a predicate for a § 924(c) count. Thus, Mr. Fields has made a prima facie showing that he is entitled to relief on Count Seven.

**B.    Mr. Fields has made a prima facie showing that Count Three is invalid under *Davis* because neither escape nor conspiracy is a crime of violence under the elements clause.**

In Count Three, the Government charged Mr. Fields with violating § 924(c) and (j). Docs. 57 at 8 (Second Superseding Indictment); 400 at 2 (Redacted Verdict Form). A defendant cannot violate § 924(j) without committing a violation of § 924(c). *See* 18 U.S.C. § 924(j) (criminalizing conduct causing the death of a person which occurs "in the course of a violation of subsection [924](c)."). Put differently, a defendant can be guilty of violating § 924(j) only if he is guilty of committing the charged

24

§ 924(c) offense.

The Government alleged alternative predicate crimes of violence in support of the § 924(c) and (j) charge in Count Three: (1) conspiracy to commit escape and/or to provide contraband to an inmate, in violation of 18 U.S.C. §§ 371, 751(a), and 1791 (as alleged in Count One); and (2) escape, in violation of 18 U.S.C. § 751(a) (as alleged in Count Two).[9]

As to the first alternative, conspiracy under 18 U.S.C. § 371 requires the following elements: "(1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in

---

[9] If either escape or conspiracy is not a crime of violence, Count Three is invalid. *See United States v. Brewer*, 848 F.3d 711, 714 (5th Cir. 2017); *United States v. Vann*, 660 F.3d 771, 774-75 (4th Cir. 2011) (en banc). "Under the categorical approach, we 'assume[ ] that the defendant committed the least culpable act to satisfy the count of conviction as long as there is 'a realistic probability, not a theoretical possibility, that the State would apply its statute to [that conduct].'" *Brewer*, 848 F.3d at 714 (alterations in original) (quoting *United States v. Carrasco-Tercero*, 745 F.3d 192, 198 (5th Cir. 2014)).

Accordingly, in a case like this one where the indictment charged two or more predicate crimes of violence, and there was no specific finding as to which predicate was committed, the conviction must be assumed to be for "the least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive." *Vann*, 660 F.3d at 774-75. That said, neither escape nor conspiracy is a crime of violence.

25

furtherance of the objective of the conspiracy." *United States v. Coleman*, 609 F.3d 699, 704 (5th Cir. 2010).

Conspiracy is not a crime of violence under § 924(c)'s elements clause. *See Reece*, 938 F.3d at 635-36 (holding that conspiracy is not a crime of violence under § 924(c)'s elements clause); *United States v. Robinson*, 783 F. App'x 401, 402-03 (5th Cir. 2019) (citing 18 U.S.C. § 924(c)(3)(A)) (vacating Robinson's § 924(c) conviction because the predicate offense of conspiring to escape from federal custody was not a crime of violence under the elements clause and noting the Government's concession that Robinson's § 924(c) conviction had to be vacated).

As *Reece* and *Robinson* recognize, none of the elements of conspiracy categorically requires the use, attempted use, or threatened use of physical force against the person or property of another: an agreement does not require the attempted, threatened, or actual use of force; the defendant's knowledge does not require the attempted, threatened, or actual use of force; and committing an overt act does not require the attempted, threatened, or actual use of force. Consequently, conspiracy is not a crime of violence under § 924(c)'s elements clause.

Second, as explained above, escape is not a crime of violence under

§ 924(c)'s elements clause.

Because neither escape nor conspiracy is a crime of violence, Mr. Fields is not guilty of the § 924(c) charged in Count Three. Thus, Count Three's § 924(j) finding, which also rests on those predicates, is likewise invalid. The Government effectively conceded this when it argued in response to Mr. Fields' petitions to the Supreme Court that: "If Section 924(c)(3)(B) were unconstitutionally vague, the crime of escape from custody under or by virtue of court order, would not qualify as a crime of violence under Section 924(c)(3)(A). Accordingly, *petitioner's sole capital conviction (Count 3) would be invalid . . . .*" Feb. 6, 2017 Br. in Opp. 11 n.2 (emphasis added) (citations omitted).

Therefore, because neither conspiracy nor escape is a crime of violence under § 924(c)'s elements clause, there is no violent crime to serve as a predicate offense for Count Three. Thus, Mr. Fields has made a prima facie showing that he is entitled to relief on Count Three.

### C.    Mr. Fields can make a prima facie showing that *Davis* invalidates Count Five.

The predicate for the § 924(c) charge in Count Five was carjacking, in violation of 18 U.S.C. § 2119. Although in *United States v. Jones*, 854 F.3d 737 (5th Cir. 2017), this Court held that carjacking is a crime of

violence under § 924(c)'s elements clause, Mr. Fields asks this Court to nonetheless consider his argument that carjacking is not a crime of violence under § 924(c)'s elements clause.

Carjacking can be accomplished "by force and violence," *or* "by intimidation." § 2119. The "force and violence" and "intimidation" components of the carjacking statute are alternative means of satisfying a single element. Accordingly, the statute is indivisible. *See United States v. Islas-Saucedo*, 903 F.3d 512, 518 (5th Cir. 2018).

Carjacking by intimidation does not require force or violence—it is possible to commit a carjacking "in which the driver surrendered or otherwise lost control over his car without the defendant attempting to inflict, or actually inflicting, serious bodily harm." *Holloway v. United States*, 526 U.S. 1, 11 (1999); *see also In re Smith*, 829 F.3d 1276, 1283 (11th Cir. 2016) (Jill Pryor, J., dissenting).

Additionally, although "the federal carjacking statute also contains an intent element," "it is possible to prove that a defendant had the intent to commit death or serious bodily harm without proving that he used, attempted to use, or threatened to use physical force against the victim." *Smith*, 829 F.3d at 1283 (Jill Pryor, J., dissenting). Indeed, "[t]he intent

element and the 'by force and violence or by intimidation' element concern separate inquiries; if not, the latter would be 'render[ed] superfluous' by the former." *Id.* (quoting *Holloway*, 526 U.S. at 11) (second alteration in original).

Therefore, because it is at least arguable that carjacking does not require the use, attempted use, or threatened use of force, Mr. Fields has made a prima facie showing that the § 924(c) conviction predicated on carjacking should be vacated.[10]

## CONCLUSION

Mr. Fields has made a prima facie showing of possible merit for a claim for relief under 28 U.S.C. § 2255(h)(2). Therefore, he respectfully asks this Court to enter an Order granting him leave to file a successive § 2255 motion in the district court.

---

[10] If this Court finds that Mr. Fields has made a prima facie showing of possible merit as to Counts Three and Seven but not Count Five, he respectfully requests that this Court grant the motion in part, as has been this Court's practice, rather than denying it in its entirety. *See In re Clark*, No. 19-11204, Order (5th Cir. Feb. 4, 2020).

Respectfully submitted,

s/ Victoria Bailey Casanova
Victoria Bailey Casanova
F. Italia Patti
INDIANA FEDERAL COMMUNITY
DEFENDERS
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
victoria_casanova@fd.org
italia_patti@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2020, I filed this Motion for

Authorization to File Successive Motion Under 28 U.S.C. § 2255 using

the CM/ECF system and, further, that I emailed a copy of the motion to

Assistant United States Attorney Zachary Richter at

Zachary.C.Richter@usdoj.gov.

                                        s/ Victoria Bailey Casanova

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 22, 5th Cir. R. 32.3 and Fed. R. App. P. 32(g)(1), the undersigned certifies that this document complies with the length limitations because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 6,296 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century 14-point font.

s/ Victoria Bailey Casanova