# No. 20-50351

# In the United States Court of Appeals for the Fifth Circuit

---

**In re: SHERMAN LAMONT FIELDS,**
Movant.

---

On Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255 in the United States District Court for the Western District of Texas

---

**UNITED STATES' RESPONSE TO THE MOTION FOR AUTHORIZATION TO FILE A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255**

---

John F. Bash
United States Attorney

Zachary C. Richter
Assistant United States Attorney
Western District of Texas
903 San Jacinto, Suite 334
Austin, Texas 78701
(512) 916-5858
(512) 916-5854 fax

**Recommendation on Oral Argument**

Oral argument is unnecessary. The parties agree on most issues, and the movant concedes that this Court's precedent supports the government's position on the issue the parties dispute. The papers adequately present the facts and legal arguments relevant to the pending motion, and oral argument would not significantly aid the decisional process. *See* Fed. R. App. P. 34(a)(2)(C).

# Table of Contents

Recommendation on Oral Argument ................................................ i

Table of Contents ..................................................................... ii

Table of Authorities ................................................................. iv

Introduction ............................................................................. 1

Jurisdiction ............................................................................... 1

Statement of the Issues ............................................................ 2

Background ............................................................................... 2

    A.  Fields escaped from federal custody, murdered his
        former girlfriend, and carjacked a nurse at gunpoint. ... 2

    B.  A jury convicted Fields, found that he had murdered
        his former girlfriend, and recommended the death
        penalty, which the district court imposed and this
        Court affirmed. .............................................................. 4

    C.  Fields repeatedly attacked his conviction and
        sentence collaterally. ...................................................... 6

Summary of the Argument ......................................................... 9

Argument .................................................................................. 9

  I.   The Supreme Court has made the new, constitutional
      rule announced in *Davis* retroactive to cases on
      collateral review. ............................................................ 11

  II.  The rule announced in *Davis* warrants allowing Fields
      to file a successive post-conviction motion attacking
      some but not all of his counts of conviction. ........................ 16

A. Fields has made a prima facie showing that *Davis* invalidates his convictions for using and carrying firearms during and in relation to escape and conspiracy. ................................................................. 18

B. Fields has not made a prima facie showing that *Davis* affects his conviction for using and carrying a firearm during and in relation to carjacking................. 20

Conclusion................................................................. 22

Certificate of Service................................................. 23

Certificate of Compliance ......................................... 24

# Table of Authorities

## Cases

*Brecht v. Abrahamson,*
  507 U.S. 619 (1993) ...................................................................... 19

*Estell v. United States,*
  924 F.3d 1291 (8th Cir. 2019) ...................................................... 20

*Graham v. Florida,*
  560 U.S. 48 (2010) ........................................................................ 14

*Holloway v. United States,*
  526 U.S. 1 (1999) .......................................................................... 21

*In re Cannon,*
  931 F.3d 1236 (11th Cir. 2019) .............................................. 16, 17

*In re Clark,*
  No. 19-11204 (5th Cir. Feb. 4, 2020) .......................................... 16

*In re Fields,*
  137 S. Ct. 1326 (2017) .................................................................... 7

*In re Fields,*
  826 F.3d 785 (5th Cir. 2016) .................................................... 7, 11

*In re Franklin,*
  950 F.3d 909 (6th Cir. 2020) .................................................. 12, 16

*In re Hammoud,*
  931 F.3d 1032 (11th Cir. 2019) .................................................... 12

*In re Jackson,*
  776 F.3d 292 (5th Cir. 2015) .................................................. 15, 21

*In re Mullins,*
  942 F.3d 975 (10th Cir. 2019) ...................................................... 12

*In re Robinson,*
  917 F.3d 856 (5th Cir. 2019) .......................................................... 9

*In re Rose,*
  No. 16-10718 (5th Cir. Aug. 1, 2016) .......................................... 16

*In re Smith,*
  142 F.3d 832 (5th Cir. 1998) ........................................................ 15

*In re Smith,*
    829 F.3d 1276 (11th Cir. 2016) ................................................. 21

*In re Sparks,*
    657 F.3d 258 (5th Cir. 2011) ......................................... 9, 10, 14, 15

*Johnson v. United States,*
    135 S. Ct. 2551 (2015) ............................................................. 6, 8

*King v. United States,*
    No. 16-1621, 2020 WL 3887869 (1st Cir. July 10, 2020) ............ 16

*Reyes-Requeña v. United States,*
    243 F.3d 893 (5th Cir. 2001) ............................................ 10, 16, 22

*Sessions v. Dimaya,*
    138 S. Ct. 1204 (2018) ................................................................ 8

*Teague v. Lane,*
    489 U.S. 288 (1989) ................................................................. 14

*Thompson v. Dall. City Atty's Office,*
    913 F.3d 464 (5th Cir. 2019) ..................................................... 16

*Tyler v. Cain,*
    533 U.S. 656 (2001) .................................................. 12, 13, 14, 15

*United States v. Bailey,*
    444 U.S. 394 (1980) ................................................................. 19

*United States v. Brewer,*
    848 F.3d 711 (5th Cir. 2017) ..................................................... 19

*United States v. Carrasco-Tercero,*
    745 F.3d 192 (5th Cir. 2014) ..................................................... 19

*United States v. Cruz-Rivera,*
    904 F.3d 63 (1st Cir. 2018) ....................................................... 21

*United States v. Davis,*
    139 S. Ct. 2319 (2019) ....................................................... passim

*United States v. Evans,*
    848 F.3d 242 (4th Cir. 2017) ..................................................... 21

*United States v. Fields,*
    483 F.3d 313 (5th Cir. 2007) ............................................... passim

*United States v. Fields*,
  761 F.3d 443 (5th Cir. 2014) ..................................................... 2, 6

*United States v. Gonzales*,
  841 F.3d 339 (5th Cir. 2016) ..................................................... 20

*United States v. Gutierrez*,
  876 F.3d 1254 (9th Cir. 2017) ................................................... 21

*United States v. Jones*,
  854 F.3d 737 (5th Cir. 2017) ..................................................... 20

*United States v. Nelson*,
  801 F. App'x 652 (10th Cir. 2020) ............................................. 20

*United States v. Reece*,
  938 F.3d 630 (5th Cir. 2019) ............................................... passim

*United States v. Reyes-Contreras*,
  910 F.3d 169 (5th Cir. 2018) (en banc) ...................................... 21

*United States v. Robinson*,
  783 F. App'x 401 (5th Cir. 2019) ............................................... 19

*United States v. Smith*,
  354 F.3d 390 (5th Cir. 2003) ................................................ 15, 16

*United States v. Smith*,
  957 F.3d 590 (5th Cir. 2020) ......................................... 17, 18, 20

*United States v. Taylor*,
  933 F.3d 307 (5th Cir. 1991) ..................................................... 18

*United States v. Vann*,
  660 F.3d 771 (4th Cir. 2011) (en banc) ...................................... 19

*Welch v. United States*,
  136 S. Ct. 1257 (2016) ................................................... 12, 13, 14

## <u>Statutes</u>

18 U.S.C. § 1791 ......................................................................... 4

18 U.S.C. § 2119 ...................................................................... 5, 20

18 U.S.C. § 371 ........................................................................... 4

18 U.S.C. § 751 ...................................................................... 4, 18

18 U.S.C. § 922 ............................................................................ 5

18 U.S.C. § 924 .................................................................... passim

28 U.S.C. § 2244 ............................................................... 1, 9, 10

28 U.S.C. § 2255 .................................................................. passim

## Introduction

This Court should grant in part and deny in part Sherman Fields's request to file a successive motion under 28 U.S.C. § 2255. When Fields escaped from federal custody, murdered a young mother, and carjacked a nurse at gunpoint, federal law punished the sort of gun violence Fields perpetrated. *See* 18 U.S.C. § 924(c), (j). But last year, the Supreme Court struck down part of that law. *United States v. Davis*, 139 S. Ct. 2319 (2019). And in doing so, the Court necessarily announced a new and retroactive rule that permits Fields to challenge anew two of his counts of conviction. That new rule did not, however, implicate all of the counts of conviction Fields wants to challenge. Therefore, this Court should allow his renewed challenge only in part.

## Jurisdiction

A panel of this Court has jurisdiction under 28 U.S.C. §§ 2255(h) and 2244(b)(3) to rule on a request to file a successive motion under 28 U.S.C. § 2255.

## Statement of the Issues

**1.** Has the Supreme Court made its ruling in *United States v. Davis* retroactively applicable to cases on collateral review, such that Fields may raise that ruling in a successive collateral attack on his convictions?

**2.** If so, has Fields made a prima facie case that the ruling in *Davis* affects his convictions for using and carrying firearms during and in relation to crimes of violence?

## Background

The counts of conviction Fields wants to challenge arise from crimes he committed in 2001, when he escaped from federal custody, murdered his former girlfriend, and carjacked a nurse at gunpoint. *United States v. Fields*, 483 F.3d 313, 323-24 (5th Cir. 2007). Each challenged count charged Fields with a violation of 18 U.S.C. § 924(c), which prohibits using or carrying a firearm during and in relation to a crime of violence. *Id.* at 324; (Mot. 1-2).

### A. Fields escaped from federal custody, murdered his former girlfriend, and carjacked a nurse at gunpoint.

Before his escape, Fields was in federal custody on charges of unlawful firearm possession by a felon. *United States v. Fields*, 761 F.3d 443, 450 (5th Cir. 2014). He became angry that one of his girlfriends, Suncerey "Shining Star" Coleman, was seeing other men, and he threatened to escape and shoot her. *Fields*, 483 F.3d

2

at 323; Trial Tr. vol. 10, pp. 1206-07, 1210, 1222-24, 1226, 1339.[1] He bribed a guard by offering $5000 for a key to the fire escape. *Fields*, 483 F.3d at 323. Using that key, he escaped. *Id.*

After escaping, Fields met a friend, who provided him with a handgun. *Id.* Fields then tracked Coleman to a hospital, where she was attending to her new, prematurely born daughter. *Id.*; Trial Tr. vol. 10, pp. 1338.  After talking with Coleman "for some time," Fields convinced her to leave the hospital with him. *Fields*, 483 F.3d at 323. He drove her to an area outside Waco, where he had sex with her. *Id.* It remains unclear whether the sex was consensual, *see id.* at 323 n.2, and a witness testified at trial that Fields admitted to raping Coleman, Trial Tr. vol. 10, pp. 1425-27. Fields then shot Coleman twice—once in the face and once in the back of the head—and dragged her by the ankles into a wooded area. *Fields*, 483 F.3d at 323; Trial Tr. vol. 10, pp. 1426-27; Trial Tr. vol. 11, pp. 1450-51; Trial Tr. vol. 12, pp. 1773-74. Coleman's body was found two weeks later, surrounded by brush and garbage. *Fields*, 483 F.3d at 324, 354. Her body had been "subject[ed] to animal predation." *Id.* at 354.

---

[1] There is no electronic record on appeal. The trial transcript is available electronically under entries 233 through 250 in the district court docket for *United States v. Fields*, No. 6:01cr164 (W.D. Tex.). The page numbers listed appear in the upper right-hand corner of the trial transcript and correspond to the page numbers of the original appellate record from Fields's direct appeal of his conviction (No. 04-50393).

Fields remained at large. He had the gun he used to murder Coleman thrown in a river and acquired a second handgun. *See* Trial Tr. vol. 12, pp. 1767-70. Several days after murdering Coleman, Fields accosted a nurse as she was getting out of her car in a hospital parking lot. *Fields*, 483 F.3d at 324; Trial Tr. vol. 12, pp. 1732-36. Brandishing the handgun, he grabbed her by the throat and demanded that she get back in the car. *Fields*, 483 F.3d at 324. The nurse was able to struggle free and fled. *Id.* But Fields had managed to get her keys, and he drove away in her car. *Id.* About a week later, authorities apprehended Fields in an apartment about half a block away from the car. Trial Tr. vol. 10, pp. 1324-25; Trial Tr. vol. 11, pp. 1529-31.

**B. A jury convicted Fields, found that he had murdered his former girlfriend, and recommended the death penalty, which the district court imposed and this Court affirmed.**

A jury convicted Fields on seven counts, three of which were premised on § 924(c):

| Count One | conspiring to escape from federal custody and to possess contraband in prison, 18 U.S.C. §§ 371, 751, 1791 |
|---|---|
| Count Two | escaping from federal custody, 18 U.S.C. § 751 |

4

| Count Three | using and carrying a firearm during and in relation to escape from federal custody and conspiracy to escape from federal custody, both crimes of violence, resulting in the intentional murder of Coleman, 18 U.S.C. § 924(c), (j) |
| --- | --- |
| Count Four | carjacking, 18 U.S.C. § 2119 |
| Count Five | using, carrying, and brandishing a firearm during and in relation to carjacking, a crime of violence, 18 U.S.C. § 924(c) |
| Count Six | unlawful firearm possession by a felon, 18 U.S.C. § 922(g) |
| Count Seven | using and carrying a firearm (the second gun) during and in relation to escape from federal custody, a crime of violence, 18 U.S.C. § 924(c) |

*Fields*, 483 F.3d at 324; 2d Superseding Indictment 1-13, *United States v. Fields*, No. 6:01cr164 (May 13, 2003), ECF No. 57.

Fields was eligible for the death penalty on Count Three because he had murdered Coleman. *See* 18 U.S.C. § 924(j)(1). The jury recommended the death penalty on that count, and the district court sentenced Fields to death. *Fields*, 483 F.3d at 324. On the remaining counts, the district court imposed prison terms:

5

about 9 years for all the non-924(c) convictions together; a consecutive 25-year term for Count Five; and another consecutive 25-year term for Count Seven. Judgment 2, *United States v. Fields*, No. 6:01cr164 (W.D. Tex. Apr. 12, 2004), ECF No. 230.[2] This Court affirmed. *Fields*, 483 F.3d at 323.

### C. Fields repeatedly attacked his conviction and sentence collaterally.

After this Court affirmed Fields's conviction and sentence, Fields attacked both collaterally. He first filed a motion under 28 U.S.C. § 2255 raising 49 claims. *Fields*, 761 F.3d at 451. The district court denied the motion, and both the district court and this Court denied Fields a certificate of appealability because he had not made a substantial showing. *Id.* at 450-51.

Then, in 2015, the Supreme Court issued *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court invalidated as unconstitutionally vague a provision of the Armed Career Criminal Act. *Id.* at 2555-57. The invalidated provision shared features with part of 18 U.S.C. § 924(c). *See Davis*, 139 S. Ct. at 2325-26.

---

[2] All of these prison terms ran consecutive to Fields's separate sentence of just over 12 years for the unlawful-firearm-possession charge he had been in custody for when he escaped. *Id.*; Judgment 2, *United States v. Fields*, No. 6:01cr114 (June 27, 2002), ECF No. 23.

At the time of Fields's convictions, § 924(c) defined "crime of violence" as a federal felony that met either of two alternative definitions. *See* 18 U.S.C. § 924(c)(3). The first alternative, § 924(c)(3)(A), made an offense a crime of violence if it "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." The second alternative, § 924(c)(3)(B), made an offense a crime of violence if it, "by its nature, involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The provision invalidated in *Johnson* mirrored the second alternative, § 924(c)(3)(B), in several respects. *See Davis*, 139 S. Ct. at 2325-26.

Relying on *Johnson*, Fields sought leave to file a second § 2255 motion arguing that his § 924(c) convictions depended on the definition of "crime of violence" in § 924(c)(3)(B) and were therefore invalid. *In re Fields*, 826 F.3d 785, 786 (5th Cir. 2016). But this Court denied him leave because *Johnson* did not address § 924(c)(3)(B) and because the Supreme Court had not declared whether any application of *Johnson* to § 924(c)(3)(B) would be retroactive to cases on collateral review. *Id.* at 786-87. The Supreme Court denied Fields's attempts at further review of his claim through petitions for writs of mandamus and habeas corpus. *In re Fields*, 137 S. Ct. 1326 (2017) (mem.).

7

Fields then filed a petition for habeas corpus under 28 U.S.C. § 2241 in the Southern District of Indiana, where he is housed on federal death row. Pet., *Fields v. Warden*, No. 2:16cv418 (S.D. Ind. Oct. 26, 2016), ECF No. 1. He eventually reasserted his claim under *Johnson* challenging whether escape and carjacking remained crimes of violence under § 924(c). Am. Pet., *Fields v. Warden*, No. 2:16cv418 (S.D. Ind. Apr. 26, 2017), ECF No. 16.

While that petition was pending, the Supreme Court ruled in *Davis* that § 924(c)(3)(B) shared fatal flaws with the provision struck down in *Johnson* and a similar provision struck down in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018). *See Davis*, 135 S. Ct. at 2325-27. Fields then asked the district court in Indiana to stay that petition while he seeks leave from this Court to file another motion under § 2255 in the district of his conviction, the Western District of Texas. Pet'r's Mot. to Stay, *Fields v. Warden*, No. 2:16cr418 (S.D. Ind. Jan. 7, 2020), ECF No. 90.

8

## Summary of the Argument

Fields has made the prima facie showing necessary to justify filing a successive § 2255 motion attacking some but not all of his counts of conviction under 18 U.S.C. § 924(c). He can show that the Supreme Court in *Davis* announced the sort of new, constitutional rule that could permit a successive § 2255 motion because a combination of the Court's holdings necessarily dictate that *Davis* applies retroactively on collateral review. And he can show that *Davis* undermines the two § 924(c) counts premised on escape and conspiracy, which depended on a definition of "crime of violence" that *Davis* invalidated. But he cannot show that *Davis* affects the § 924(c) count premised on carjacking, which remains a crime of violence even after *Davis*. This Court should therefore grant leave for a successive § 2255 motion only in part.

## Argument

Federal law limits the circumstances in which a prisoner may file a second or successive motion collaterally attacking a conviction. *See* 28 U.S.C. §§ 2244(b), 2255(h); *In re Robinson*, 917 F.3d 856, 861 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1128 (2020). Before filing a successive post-conviction motion under 28 U.S.C. § 2255, a prisoner must secure leave from a panel of the "appropriate court of appeals." 28 U.S.C. §§ 2244(b)(3)(A)-(B), 2255(h); *In re Sparks*, 657 F.3d 258, 260 (5th Cir. 2011). The panel will grant

leave only if a prisoner makes a prima facie showing that the proposed motion meets § 2255's requirements. 28 U.S.C. §§ 2244(b)(3)(C); 2255(h); *Reyes-Requeña v. United States*, 243 F.3d 893, 898-99 (5th Cir. 2001). A prima facie showing is a "sufficient showing of possible merit to warrant fuller exploration by the district court." *Reyes-Requeña*, 243 F.3d at 899 (cleaned up).

One way a prisoner may meet § 2255's requirements for a successive post-conviction motion is by showing that the motion "is premised on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Sparks*, 657 F.3d at 260 (quoting 28 U.S.C. § 2255(h)(2)). That is the provision Fields now invokes. (Mot. 11.) The "new rule," he argues, comes from the Supreme Court's decision invalidating 18 U.S.C. § 924(c)(3)(B) in *Davis*, 139 S. Ct. at 2336. (Mot. 11-18.)

The government largely agrees. This Court has already decided that *Davis* announced a "new rule." *See United States v. Reece*, 938 F.3d 630, 633-34 (5th Cir. 2019). That rule was one of constitutional law: *Davis* invalidated part of a criminal statute on constitutional grounds. *See Davis*, 139 S. Ct. at 2336. And that rule was previously unavailable to Fields, as his previous attempt to file a successive § 2255 motion illustrates. *See In re Fields*, 826

10

F.3d at 786-87; *see also Reece*, 938 F.3d at 633 n.2.[3] As discussed below, the government even agrees—though the issue remains unsettled in this Court—that the Supreme Court has made this new, constitutional rule retroactive to cases on collateral review.

The parties disagree, however, on the extent to which *Davis* undermines Fields's convictions. Fields has made a prima facie showing that *Davis* invalidates two counts of conviction under § 924(c)—those premised on escape and conspiracy as crimes of violence. But Fields has not made a prima facie showing that *Davis* affects the § 924(c) count premised on carjacking because *Davis* left untouched the part of § 924(c) that makes carjacking a crime of violence. Therefore, this Court should grant Fields's motion in part and deny it in part.

## I.   The Supreme Court has made the new, constitutional rule announced in *Davis* retroactive to cases on collateral review.

A combination of Supreme Court decisions establishes that the Court has made *Davis* retroactive. To be sure, the Court has not stated explicitly that *Davis* is retroactive. *See Davis*, 139 S. Ct. at 2354 (Kavanaugh, J., dissenting) ("And who knows whether the

---

[3] Because *Davis* announced a new rule of constitutional law that was previously unavailable, this Court need not address Fields's proposal to circumvent § 2255's new-rule requirement on equitable grounds (at Mot. 18-20).

11

ruling will be retroactive?"). And "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). But the Court can make a rule retroactive "with the right combination of holdings" if the holdings in multiple cases "necessarily dictate retroactivity of the new rule." *Id.* at 666-67. For example, if the Court "hold[s] in Case One that a particular type of rule applies retroactively to cases on collateral review and hold[s] in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review." *Id.* at 668-69 (O'Connor, J., concurring).

That is what the Court has done here. Case One is *Welch v. United States*, in which the Court held that a decision invalidating part of a statute as unconstitutionally vague applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1264-65 (2016). Case Two is *Davis* itself, in which the Court held that § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2336. Together, *Welch* and *Davis* necessarily dictate that the invalidation of § 924(c)(3)(B) is retroactive. Every court of appeals to consider the issue agrees. *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020); *In re Mullins*, 942 F.3d 975, 977-79 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1038-39 (11th Cir. 2019).

12

Because the government and other courts agree that the Supreme Court has made *Davis* retroactive, a panel of this Court has appointed an amicus curiae to argue the opposite side. *See* Order, *In re Hall*, No. 19-10345 (5th Cir. Mar. 18, 2020); Br. of Court-Appointed Amicus Curiae, *In re Hall*, No. 19-10345 (5th Cir. May 15, 2020) [hereinafter Amicus Br.]. But none of the amicus's arguments withstands scrutiny.

Amicus first argues that *Welch* and *Davis* cannot "dictate" retroactivity because the Supreme Court could overrule *Welch* or its doctrinal underpinnings. Amicus Br. 7-9. But that argument proves too much. Taking into account the possibility that the Supreme Court could overrule its own precedents would render meaningless the Court's holding in *Tyler* that a "combination of holdings" could "necessarily dictate retroactivity," 533 U.S. at 666-67, because even the clearest combination of holdings could be overruled.

Amicus also argues that the combination of *Welch* and *Davis* does not satisfy the past-tense requirement that the Supreme Court has "made" a new rule retroactive, § 2255(h)(2), because the Supreme Court must first hold that *Davis* is the sort of substantive decision that *Welch* declares retroactive. Amicus Br. 9-12. But that argument understates the holdings in *Welch* and *Davis*. The Court in *Welch* did not just hold that *Johnson* was substantive

13

and retroactive; it held that all rulings that change the "substantive reach" of a criminal statute are substantive and therefore retroactive. *Welch*, 136 S. Ct. at 1264-65. And the Court in *Davis* changed the substantive reach of a criminal statute on the same constitutional principle that resolved *Johnson. See Davis*, 139 S. Ct. at 2325-27, 2336. *Welch* and *Davis* therefore present precisely the sort of syllogism that Justice O'Connor posited and that amicus demands. *See Tyler*, 533 U.S. at 668-69 (O'Connor, J., concurring); Amicus Br. 10-11.

Amicus's related suggestion that *Welch* could not render *Davis* retroactive because *Welch* was decided first (at Amicus Br. 9) runs headlong into this Court's binding decision in *In re Sparks*, 657 F.3d 258 (5th Cir. 2011). In *Sparks*, this Court recognized that the Supreme Court had made a 2010 decision retroactive because it fit into a category of retroactive holdings established by a 1989 decision. *Sparks*, 657 F.3d at 260-62 (citing *Graham v. Florida*, 560 U.S. 48 (2010), and *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion)). The 2010 decision was substantive because the Court held that the Constitution forbade imposing a life sentence on a juvenile who had not committed homicide. *Id.* (citing *Graham*, 560 U.S. at 82). And the 1989 decision established that all substantive decisions were retroactive. *Id.* (citing *Teague*, 489 U.S. at 307). Together, the "combined effect" of the two decisions

14

made the latter retroactive "as a matter of logical necessity under *Tyler*." *Id.* at 262.

Conceding that *Sparks* supports a parallel result here, amicus nevertheless urges this Court to "limit the holding of *Sparks* to the claim asserted in that case." Amicus Br. 12-13. But this Court's rule of orderliness forbids that result: "Just as no subsequent panel of this [C]ourt is free, absent intervening Supreme Court decisions, to overrule the decisions of another panel, no panel is empowered to hold that a prior decision applies only on the limited facts set forth in that opinion." *United States v. Smith*, 354 F.3d 390, 399 (5th Cir. 2003).

That rule of orderliness also requires this Court to disregard panel opinions inconsistent with *Tyler* and *Sparks*. Panel opinions before and after *Tyler* have recited that a prisoner arguing for retroactivity "must point to a Supreme Court decision that either expressly declares the collateral availability of the rule . . . or applies the rule in a collateral proceeding." *E.g.*, *In re Jackson*, 776 F.3d 292, 293 (5th Cir. 2015); *In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998). But any requirement that the Supreme Court itself expressly declare a new rule retroactive or retroactively apply a new rule did not survive *Tyler*'s holding that a combination of cases can make a new rule retroactive, 533 U.S. at 666-67. And any recital of that superseded requirement after *Tyler*

15

and *Sparks* is not controlling. *See Thompson v. Dall. City Atty's Office*, 913 F.3d 464, 467-68 (5th Cir. 2019) (noting that this Court declines to follow panel decisions that cannot be squared with earlier or later Supreme Court precedent); *Smith*, 354 F.3d at 399 (explaining that prior panel opinions control). Under *Tyler*'s combination-of-decisions rubric, *Welch* and *Davis* necessarily dictate that *Davis* is retroactive, even without an express declaration or retroactive application by the Supreme Court itself.

## II. The rule announced in *Davis* warrants allowing Fields to file a successive post-conviction motion attacking some but not all of his counts of conviction.

Even when a prisoner can point to a new, constitutional, and retroactive rule, a successive motion still must rely on that rule. *See Reyes-Requeña*, 243 F.3d at 896. Thus, to make a prima facie showing for a successive motion based on *Davis*, a prisoner must show that that *Davis* actually affects the challenged conviction. *See King v. United States*, No. 16-1621, 2020 WL 3887869, at *3, 8 (1st Cir. July 10, 2020); *Franklin*, 950 F.3d at 911; *In re Cannon*, 931 F.3d 1236, 1241-43 (11th Cir. 2019). If a prisoner makes a prima facie showing on some counts of conviction but not others, then (as Fields concedes) this Court grants leave to file the successive motion only in part. *See, e.g., In re Clark*, No. 19-11204, slip op. at 1-2 (5th Cir. Feb. 4, 2020); *In re Rose*, No. 16-10718, slip op. at 1-2 (5th Cir. Aug. 1, 2016); *accord Cannon*, 931 F.3d at 1242-43,

16

1246; (Mot. 29 n.10). Because Fields has made a prima facie case that *Davis* invalidates some but not all of the counts he wants to attack, this Court should follow that course here and grant his request only in part.

The statute underlying the challenged counts, 18 U.S.C. § 924(c), requires that the defendant have committed a "crime of violence." *Reece*, 938 F.3d at 632. As noted above, the statute defines two alternative ways for an offense to be a "crime of violence." *See id.* The Court in *Davis* invalidated only one of those alternatives, § 924(c)(3)(B). *See United States v. Smith*, 957 F.3d 590, 592-93 (5th Cir. 2020). Under the surviving alternative, the "elements clause" in § 924(c)(3)(A), a felony is still a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* And if an offense is a crime of violence under the elements clause, then a § 924(c) conviction premised on that offense remains valid. *Id.*

Two of Fields's counts of conviction under § 924(c)—Counts Three and Seven—are premised on offenses that no longer qualify as crimes of violence. But the other § 924(c) count Fields attacks—Count Five—is premised on carjacking, which remains a crime of violence under the elements clause.

17

### A. Fields has made a prima facie showing that *Davis* invalidates his convictions for using and carrying firearms during and in relation to escape and conspiracy.

The government agrees that the escape and conspiracy Fields was charged with no longer qualify as crimes of violence, though not for all of the reasons Fields offers. To decide whether an offense is a crime of violence, this Court uses the "categorical approach." *Smith*, 957 F.3d at 593. Under that approach, this Court "look[s] only to the statutory definitions—the elements—of a defendant's offense, and not to the particular facts underlying the convictions." *Reece*, 938 F.3d at 635. If the elements of the predicate offense necessarily involve the use, attempted use, or threatened use of physical force against the person or property of another, then the predicate offense is a crime of violence. *See Smith*, 957 F.3d at 593.

As Fields notes, the government has already conceded that escape in violation of 18 U.S.C. § 751 is not a crime of violence under the elements clause. The elements of escape in violation of § 751 are "[1] an unauthorized departure or escape, [2] from custody of an institution where the prisoner is confined by direction of the Attorney General, [3] where the custody or confinement is by virtue either of arrest for a felony or conviction of any offense." *United States v. Taylor*, 933 F.3d 307, 309 (5th Cir. 1991). None of these elements requires the use, attempted use, or threatened use

18

of physical force against the person or property of another. For similar reasons, a conspiracy to commit escape or to possess contraband in prison is not a crime of violence under the elements clause. *See United States v. Robinson*, 783 F. App'x 401, 402-03 (5th Cir. 2019); *Reece*, 938 F.3d at 635-36.[4]

Fields's analysis goes a step further—and a step too far—in suggesting that nothing about his own escape "involve[d] force, the threat of force, or the attempt to use force." (Mot. 24.) One of the motives for Fields's escape was his desire to kill Coleman. Trial Tr. vol. 10, pp. 1206-07, 1210, 1222-24, 1226. And escape is a continuing offense that a prisoner commits not just by leaving custody, but by failing to return. *United States v. Bailey*, 444 U.S. 394, 413 (1980). So Fields's violent murder of Coleman occurred during and in relation to his escape.

Nevertheless, by looking only to "the elements" and "not to the particular facts underlying the convictions," the categorical approach turns a blind eye to the violence and threats of violence

---

[4] Because neither the escape nor the conspiracy qualifies as a crime of violence under the elements clause, this Court need not consider Fields's further assertion that when there are multiple charged predicates underlying a § 924(c) conviction, a court must assume that the jury found the least serious predicate (Mot. 25 n.9.) In any event, Fields mistakenly founds his assertion on cases involving direct appeals of sentences. *See United States v. Brewer*, 848 F.3d 711, 712 (5th Cir. 2017); *United States v. Carrasco-Tercero*, 745 F.3d 192, 195 (5th Cir. 2014); *United States v. Vann*, 660 F.3d 771, 773 (4th Cir. 2011) (en banc). Collateral review is more deferential to final convictions. *See Brecht v. Abrahamson*, 507 U.S. 619, 633-35 (1993).

involved in Fields's escape. *See Reece*, 938 F.3d at 635. Fields has therefore made a prima facie case that *Davis* requires invalidating his conviction on Counts Three and Seven, the § 924(c) counts premised on his escape and conspiracy. Without a valid § 924(c) conviction on Count Three, the enhanced-penalty provisions of § 924(j) would no longer apply. *See United States v. Gonzales*, 841 F.3d 339, 357 (5th Cir. 2016). Thus, Fields has also made a prima facie case that his death sentence should be vacated.

**B. Fields has not made a prima facie showing that *Davis* affects his conviction for using and carrying a firearm during and in relation to carjacking.**

The situation is different for the § 924(c) count premised on carjacking in violation of 18 U.S.C. § 2119. As noted above, if an offense remains a crime of violence under § 924(c)(3)(A), the elements clause, then a § 924(c) conviction premised on that offense remains valid. *Smith*, 957 F.3d at 592-93. As Fields concedes, this Court has already held that carjacking under § 2119 is a crime of violence under the elements clause because carjacking "by force and violence, or by intimidation," necessarily requires a use of force or a threat of force. *See United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017); (Mot. 27-28). Every other court of appeals to consider the question agrees. *See United States v. Nelson*, 801 F. App'x 652, 661 (10th Cir. 2020); *Estell v. United States*, 924 F.3d 1291, 1292-93 (8th Cir. 2019); *United*

20

*States v. Jackson*, 918 F.3d 467, 485-86 (6th Cir. 2019); *United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1391 (2019); *United States v. Gutierrez*, 876 F.3d 1254, 1255-57 (9th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 244 (4th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016).

Fields has not cast doubt on this consensus. The incomplete quotation Fields offers from *Holloway v. United States* (at Mot. 28) is part of a sentence explaining the intent element of the carjacking statute, not the element requiring "force and violence or intimidation." 526 U.S. 1, 11 (1999).[5] Nothing in that passage or the rest of *Holloway* construes "intimidation" as allowing for proof of something other than a threat of violent force. *Id.* And tellingly, neither *Holloway*, the out-of-circuit dissent Fields relies on, nor Fields himself identifies any case in which a carjacker has been found guilty of carjacking by "intimidation" without threating violent force. *See id.*; *Smith*, 829 F.3d at 1281-85 (Jill Pryor, J., dissenting); *cf. United States v. Reyes-Contreras*, 910 F.3d 169, 184-85 & n.35 (5th Cir. 2018) (en banc) (requiring a "realistic

---

[5] In full, that sentence reads: "In a carjacking case in which the driver surrendered or otherwise lost control over his car without the defendant attempting to inflict, or actually inflicting, serious bodily harm, *Congress' inclusion of the intent element requires the Government to prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car.*" *Id.* (text omitted from Fields's motion italicized).

21

probability" grounded in case law showing that an offense might not involve force, attempted force, or the threat of force).

Fields has therefore failed to show that his attack on Count Five has the sort of possible merit necessary for a prima facie case. *See Reyes-Requeña*, 243 F.3d at 899. No further examination of this claim is warranted, and Fields's request to file a successive motion advancing it should be denied.

## Conclusion

For all these reasons, this Court should grant in part and deny in part Fields's motion. Fields should be allowed to file a successive § 2255 motion challenging his convictions on Counts Three and Seven, but not to file a successive motion challenging his conviction on Count Five.

Respectfully submitted,

John F. Bash
United States Attorney

*/s/ Zachary C. Richter*

By:  Zachary C. Richter
Assistant United States Attorney

22

## Certificate of Service

I certify that on July 15, 2020, I filed this response through this Court's electronic case-filing system, which will serve it on all registered counsel.

*/s/ Zachary C. Richter*
Zachary C. Richter
Assistant United States Attorney

## Certificate of Compliance

I certify that:

(1) this response complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i), which is applicable to this response under 5th Circuit Rule 22, because this response contains 4,972 words, excluding the parts exempted by Rule 32(f); and

(2) this response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in size 14 Century Schoolbook font.

Dated:  <u>July 15, 2020</u>

<u>/s/ Zachary C. Richter</u>
Zachary C. Richter
Assistant United States Attorney

24